United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTRIDGE TWINS, LLC, | No. C 09-01857 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |
| v. | |
| WILDWOOD FRANCHISING, INC., | |
| Defendant. | |

Plaintiff has filed a motion for a preliminary injunction. The motion is scheduled for hearing on June 19, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motion.

**DISCUSSION**

Cartridge World North America, Inc. ("Cartridge World") is a franchisor of stores that sell ink and toner cartridges. Defendant Wildwood Franchising, Inc. ("Wildwood") owns the master franchise rights for Cartridge World franchises in an area of northern California. Pursuant to a settlement agreement between Cartridge World and Wildwood, Wildwood has until December 31, 2009 to sell its master franchise rights in northern California; if it does not, it must transfer those rights back to Cartridge World..

In February 2009, defendant Wildwood began negotiations with Bob Moglia over the possible sale of Wildwood's master franchise rights. Over the course of the negotiations, Moglia and two business partners formed plaintiff Cartridge Twins, LLC, a Michigan limited liability company, as the

entity that would acquire the master franchise rights. On April 15, 2009, the scheduled closing date, defendant did not agree to close the transaction. Plaintiff filed this action on April 29, 2009, alleging breach of contract, violation of the California Business and Professions Code, breach of the implied covenant of good faith and fair dealing, and seeking specific performance and injunctive relief. Now before the Court is plaintiff's motion for a preliminary injunction. Plaintiff seeks an order enjoining defendant from undertaking any action toward the sale of its master franchise rights.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008). "Plaintiffs seeking preliminary relief [must] . . . demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375 (emphasis in original).[1]

Plaintiff's motion fails for several reasons. First, there are disputed facts going to the merits of plaintiff's claims, including whether plaintiff was ever approved as the purchaser and whether the three individual owners were required to make personal guarantees.

Second, plaintiff has not shown that it is likely to suffer irreparable harm in the absence of an injunction. Plaintiff claims that determining future financial benefit from the master franchise rights is "problematic" because it will be difficult to determine factors such as the number of franchises that will be sold, the price of the franchises, the royalties that future franchises may generate, etc. Pl. Reply at 8. The fact that monetary damages are difficult to calculate does not demonstrate that plaintiff will suffer irreparable harm in the absence of an injunction. *See Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009) ("Typically, monetary harm does not constitute irreparable harm."). Plaintiff also argues that it will suffer irreparable harm if it is unable to buy the master franchise rights at issue here because they cover a particularly attractive area of northern California. The territory in question is adjacent to corporate-owned territory, which contains the global headquarters of Cartridge World. This location adds to the value of the territory because prospective franchisees are

---

[1] Plaintiff argues that the standard for a preliminary injunction articulated in *Winter* is limited to cases brought under federal environmental statues. Pl. Reply at 5. Plaintiff is incorrect. *See, e.g.*, *Nken v. Holder*, 129 S.Ct. 1749 (2009) (applying *Winter* in immigration context).

"overwhelmingly impressed by the corporate headquarters, especially the training center." 2nd Decl. of Robert Moglia ¶ 20. The Court disagrees that the purported uniqueness of this territory demonstrates that plaintiff is likely to suffer irreparable harm if he cannot purchase it. If necessary, the value to the territory derived from its proximity to corporate headquarters is a factor that could be factored into monetary damages.

Third, plaintiff has not shown that the balance of equities tips in its favor. If defendant is enjoined from selling the master franchiser rights before the end of this year, the territory will transfer back to Cartridge World with no compensation to defendant. Decl. of Burt Yarkin ¶ 21. Plaintiff has not shown that the likely harm to plaintiff in the absence of an injunction outweighs the likely harm to defendant if an injunction is issued.

Finally, the public interest does not favor an injunction; this matter is a private dispute.

Accordingly, plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 16, 2009

SUSAN ILLSTON
United States District Judge